OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


[The State ex rel.] Kettering Medical Center, Appellant, v.
Wallace et al., Appellees.
[Cite as State ex rel. Kettering Med. Ctr. v. Wallace
(1994),      Ohio St.3d      .]
Workers' compensation -- Permanent total disability
      compensation -- Evidence of a pre-existing condition is
      not prima facie evidence of a pre-existing disability as
      well.
      (No. 93-914 - - Submitted January 11, 1994 - - Decided
March 30, 1994.)
      Appeal from the Court of Appeals for Franklin County, No.
92AP-393.
      Appellee-claimant, Barbara J. Wallace, strained her low
back on November 16, 1983 while in the course of and arising
from her employment as a registered nurse with appellant,
Kettering Medical Center.  Her claim was later amended to
include "aggravation of pre-existing atypical depression and
psychotic features with dysthymic disorder."
      In early 1991, claimant filed a motion with appellee
Industrial Commission of Ohio for permanent total disability
compensation.  Among other evidence, the report of commission
examiner Dr. Giovanni M. Bonds was submitted.  Dr. Bonds opined:
      "[T]he claimant's industrial injury does prevent her from
returning to her former position of employment.  The condition
is now permanent and the degree of permanent impairment
resulting from the industrial accident is 75% of the body as a
whole.  The claimant's industrial injury prohibits her from
engaging in any sustained remunerative employment * * *.
Considering the percentage of impairment[,] the claimant is not
considered psychologically stable enough to participate in
rehabilitation services. * * *   There are no programs
available to return this claimant to gainful employment at this
time."  (Emphasis added.)
      The commission awarded claimant permanent total disability
compensation, finding:
      "This order is based particularly upon the reports of
Doctor(s) Stratton, Flexman, Steiman, Bonds, Braunlin,
Holbrook, a consideration of the claimant's age, education,

work history * * *[.]

"Claimant is 46 yrs. of age, with work experience as a registered nurse. Medical evidence from the Specialist on the psychological problems indicate claimant is not capable of sustained remunerative employment. Dr. Bonds in a 1/1/91 report states claimant's psychological problems prevent her from working. Dr. Flexman in a 5/18/90 report states that it is unlikely claimant will be able to engage in sustained remunerative employment. The physical aspects of the claim, medical treatment has included two back surgeries. Dr. Braunlin states claimant is not capable of her former work and Dr. Holbrook in a combined effects report states claimant is limited to sedentary low stress employment. Based on these factors, it is found claimant as a direct result of the allowed conditions in this claim [is permanently and totally disabled]."

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding claimant permanent total disability compensation. Focusing on the fact that claimant's psychological condition pre-existed her industrial injury, appellant argued that the commission erred in failing to distinguish between claimant's industrially induced psychological disability and her pre-existing psychological disability. The appellate court denied the writ, finding that any such duty of apportionment should be legislatively, not judicially, imposed.

This cause is now before the court upon an appeal as of right.

Coolidge, Wall, Womsley & Lombard Co., L.P.A., and Brett L. Thurman, for appellant.
E.S. Gallon & Assoc. and Richard M. Malone, for appellee Wallace.
Lee I. Fisher, Attorney General, and Janie D. Roberts, Assistant Attorney General, for appellee Industrial Commission.

Per Curiam. It is undisputed that claimant's psychological condition preceded her industrial injury - - a fact formally recognized by the commission's designation of her psychiatric condition as an "aggravation." Appellant proposes that the commission abused its discretion by failing to separate the amount of psychological disability attributable to her industrial injury from that which preceded it. We disagree.

Appellant's argument erroneously assumes that evidence of a pre-existing condition is prima facie evidence of a pre-existing disability as well. Appellant, however, ignores that claimant worked without any apparent problems prior to her industrial accident. Because her psychological condition did not affect her ability to work before the accident, appellant cannot persuasively argue that the claimant has a pre-existing emotional disability. See Marshall v. Ouachita Hosp. (1980), 269 Ark. 958, 961, 601 S.W.2d 901, 902. (Appellate court upheld claimant's contention that although he was a polio victim, he had no pre-existing disability in the workers' compensation sense, since he had been able to work as a lab technician and perform all required tasks for twenty-two years prior to his work-related accident.)

Equally important, even if there were a pre-existing disability, there is evidence that claimant's inability to work is due entirely to her industrial injury.  Again, Dr. Bonds specifically stated in two places in his report that claimant's industrial injury was solely responsible for her inability to work.

The appellate court judgment is accordingly affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.